OPINION
Defendant-appellant Carl Yoakum appeals his conviction and sentence from the Holmes County Court of Common Pleas on one count of disrupting public services in violation of R.C. 2909.04(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
The facts, as stipulated to by the parties, are as follows: On October 16, 2000, appellant went to the home of Lou Ann Ash to discuss their relationship. Appellant and Lou Ann Ash have been exclusive paramours for nearly seven years and have two children, Kyle Yoakum, age 7, and Nicholas Yoakum, age 2.
Appellant arrived at the house on 10361 CR 320, Millersburg, Ohio, at approximately 4:30 P.M. to find Lou Ann in the car with the couple's children. After appellant pulled his truck behind Lou Ann's, Lou Ann got out of the vehicle and took her children in the house. Appellant followed them into the house.
Once inside, a verbal altercation ensued. After several minutes, the couple's son indicated that he was going to call 9-1-1. Appellant, after telling his son that he would "beat his butt", then took the cordless phone headset from its cradle.
The argument again moved outdoors where Lou Ann proceeded to load the kids into the car again.
At this point, appellant grabbed Lou Ann's purse and emptied its contents, throwing the purse in a nearby field. After appellant threw the cordless phone at the house, the headset struck the house, dislodging the battery and disabling the phone.
Lou Ann proceeded to her mother's house a short distance down the road and 9-1-1 was called by her mother.
Subsequently, appellant was arrested and charged with domestic violence, a felony of the fifth degree due to a prior domestic violence conviction, and disrupting public services, a felony of the fourth degree.
Thereafter, on November 9, 2000, the Holmes County Grand Jury indicted appellant on one count of disrupting public services in violation of R.C.2909.04(A)(1), a felony of the fourth degree. The indictment specifically alleged that appellant "did purposely by any means or knowingly by damaging or tampering with any property, interrupt or impair telephone service being used for public service or emergency communications, . . ." At his arraignment on November 15, 2000, appellant entered a plea of not guilty to the charge contained in the indictment.
After a written "Waiver of Right to Trial by Jury" signed by appellant was filed on February 16, 2001, a bench trial was held on February 27, 2001. At the close of the State's case, appellant made a motion for a Crim.R. 29 acquittal on the basis that appellee failed to prove that the telephone and headset were "public services" as defined in R.C.2909.04(A)(1) and that the telephone was being used for public service or emergency communications at the time that it was broken. The trial court, after denying appellant's motion, found appellant guilty of one count of disrupting public services in violation of R.C. 2909.04(A)(1). As memorialized in a Judgment Entry filed on March 27, 2001, appellant was sentenced to eight months in prison and ordered to pay a fine in the amount of $1,500.00.
It is from the trial court's March 27, 2001, Judgment Entry that appellant now prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED AND THE APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DENIED APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AS THE STATE FAILED TO PROVE TWO ESSENTIAL ELEMENTS OF A VIOLATION OF 2909.04(A)(1).
 I
Appellant, in his sole assignment of error, contends that the trial court erred in denying his Crim.R. 29 motion for judgment of acquittal. We disagree.
Crim.R. 29(A) states as follows:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
The standard of review under Crim. R. 29(A) is sufficiency of the evidence. Our standard of review on the issue of sufficiency is established in State v. Jenks (1991), 61 Ohio St.3d 259, to which the court held as follows: "The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt * * *" Id. at paragraph 2 of the syllabus.
Appellant in the case sub judice was convicted of disrupting public services in violation of R.C. 2909.04(A)(1). Such section states as follows:
 (A) No person, purposely by any means or knowingly by damaging or tampering with any property, shall do any of the following:
 (1) Interrupt or impair television, radio, telephone, telegraph, or other mass communications service; police, fire, or other public service communications; radar, loran, radio, or other electronic aids to air or marine navigation or communications; or amateur or citizens band radio communications being used for public service or emergency communications;
Appellant specifically argues that his motion for judgment of acquittal should have been granted since appellee failed to present sufficient evidence (1) that disabling the cordless telephone headset disrupted a public service and (2) that the cordless telephone was being used for public service or emergency communications at the time it was disabled. Appellant does not dispute that the telephone in this matter was damaged.
With respect to (1) above, appellant asserts that "a private phone connected to a telephone network is not part of a `public service' or `telephone service.'" We, however, do not concur. As is set forth in the statement of facts above, the telephone in question was a cordless telephone that rests in a cradle. While the cordless telephone and the wiring inside of the house may have been appellant's private property, the fact remains that the telephone, via a telephone jack, is connected to outside public telephone lines. Thus, without the inside telephone lines, there would be no access to public telephone service, which is defined as including "both the initiation and receipt of telephone calls". State v. Brown (1994), 97 Ohio App.3d 293, 301. By disabling the telephone, not only could Lou Ann and her children no longer initiate or receive telephone calls at the house, but appellant also made it "impossible for any member of the public to initiate telephone contact" with them. Brown, supra., at 301. Applying appellant's argument, if a intruder were to cut inside telephone lines, the intruder would not be disrupting public services, since there would be no access to public telephone service. We find, therefore, that the cordless telephone in the case sub judice was part of a `public service' or `telephone service.'
Appellant further maintains that the trial court erred in denying his motion for judgment of acquittal since there was insufficient evidence that the cordless telephone was being used for public service or emergency communications at the time that it was disabled. As is stated above, appellant grabbed the telephone from its cradle after his son indicated that he was going to call 9-1-1.
We agree with the trial court, however, that appellee was not required to prove that an actual 9-1-1 emergency was in progress when the telephone was disabled after appellant threw it against the house. InBrown, supra., for example, the defendant disconnected access to telephone service at the victim's apartment and prevented the making of a 9-1-1 telephone call to the police. The court in Brown upheld the defendant's conviction for violating R.C. 2909.04, finding that the trial court could properly conclude that the defendant disconnected the telephone service to prevent the making of a 911 call. Thus, in Brown, the 9-1-1 call was never initiated.[1] See also State v. Norton (Dec. 11, 1998), Greene App. No. 97CA112, unreported in which the court upheld a defendant's conviction for disrupting public services in violation of R.C. 2904.04(A)(1). The defendant, in Norton, had told his victim that it would do no good to call the police since he had cut outside telephone wires.
Based on the foregoing, we find that, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that appellant disrupted public services in violation of R.C. 2904.04(A)(1).
Appellant's sole assignment of error is, therefore, overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs to appellant.
Hon. Julie Edwards, P.J., Hon. W. Scott Gwin, J., Hon. John Boggins, J., concur.
[1] The trial court cited to Brown, supra., in overruling appellant's motion for judgment of acquittal.